# EXHIBIT A

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
| 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 6th JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | **SUMMONS** | 2021-186407-CB |

**Court address**
1200 N. Telegraph Rd., Pontiac, MI 48340

**Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| WEAVER INVESTMENTS, LLC | v | BRICKS + MORTAR GROUP LLC, A Michigan Corporation, and STEPHANIE GOODMAN, Defendant. |

Plaintiff's attorney, bar no., address, and telephone no.
Andrew R. Sarazin (P76964)
The Cannabis Legal Group
520 N. Main St.,
Royal Oak, MI 48067
248-541-2600

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☑ this court, ☐ _____ Court, where it was given case number 2020-179147-CB and assigned to Judge Michael Warren.
The action ☐ remains ☑ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 2/16/2021 | 5/18/2021 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED Received for Filing Oakland County Clerk 2/16/2021 2:05 PM

Case 4:21-cv-10366-SDD-RSW   ECF No. 1-2, PageID.10   Filed 02/19/21   Page 3 of 16

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

### IN THE SIXTH CIRCUIT COURT FOR THE COUNTY OF OAKLAND

WEAVER INVESTMENTS, LLC      2021-186407-CB
     a Missouri Corporation,      HON.
     Plaintiff,      -CB

v.      JUDGE MICHAEL WARREN

BRICKS + MORTAR GROUP LLC
     A Michigan Corporation, and
STEPHANIE GOODMAN,
     Defendants

---

Cannabis Legal Group
Andrew R. Sarazin (P76964)
Counsel for Plaintiff
520 North Main Street
Royal Oak, Michigan 48067
Ph: (248) 541-2600
Fax: (855) 541-2600
andrew@cannabislegalgroup.com

---

### **COMPLAINT**

There is a resolved civil action that arose out of the same transaction or occurrence as alleged in this Complaint.

NOW COMES Plaintiff by and through its undersigned counsel, and for its Complaint against Defendant, states as follows:

1. Defendant Stephanie Goodman, in her professional capacity is a real estate broker licensed by the State of Michigan. Goodman owns and operates Defendant Bricks and Mortar Group, LLC which is a Michigan limited liability corporation and operates as a real estate brokering company (collectively hereinafter referred to as "BRICKS + MORTAR")

1

2. Plaintiff, Weaver Investments, LLC (hereinafter referred to as "WEAVER INVESTMENTS") is a Missouri Limited Liability Corporation who contracted BRICKS + MORTAR to broker a real estate purchase transaction for real property located on East Airway Avenue in White Cloud, Michigan (hereinafter referred to as "SUBJECT PROPERTY"). (See Exhibit No. 1 – Purchase Agreement)

3. BRICKS + MORTAR also acted as the escrow agent for the parties in the transaction.

4. On February 16, 2018 Plaintiff entered into the subject property purchase agreement to purchase the property for $21,000.00.

5. The purchase agreement required an earnest money deposit equal to five hundred dollars ($500.00) to be held in escrow by BRICKS + MORTAR.

6. The agreement originally provided a sixty-day due diligence period which ended on April 17, 2018.

7. The purchase agreement contained a provision that provided Plaintiff an option to extend the due diligence period for an additional sixty days in return for an additional five hundred dollar ($500.00) earnest money deposit.

8. BRICKS + MORTAR was instructed to exercise the option on behalf of Plaintiff which would extend the due diligence period to June 16, 2018 and closing on or before August 16, 2018.

9. BRICKS + MORTAR also entered into a listing agreement with Plaintiff and listed the subject property for sale.

10. Pursuant to the listing, BRICKS + MORTAR received at least two legitimate offers to purchase the subject property from WEAVER each approximately $229,000.00.

11. Plaintiff sought to accept an offer to sell the property and attempted to close on the original purchase by instructing BRICKS + MORTAR to do so.

12. Unknown to Plaintiff at the time, BRICKS + MORTAR failed to exercise the option to extend the due diligence period and closing which caused Plaintiff to lose its contractual interest in the subject property.

## COUNT ONE - BREACH OF CONTRACT

13. Plaintiff restates the above paragraphs as fully restated herein.

14. As Plaintiff's escrow agent and real estate Broker, BRICKS + MORTAR had a contractual duty to maintain Plaintiff's contractual right to acquire the property.

15. BRICKS + MORTAR breached that duty to Plaintiff by failing to do so.

16. As a proximate cause of BRICKS + MORTAR's breach of contract to maintain Plaintiff's contractual interest in the subject property, Plaintiff was damaged in an amount in excess of $229,000.00.

## COUNT TWO – NEGLIGENCE

17. Plaintiff restates the above paragraphs as fully restated herein.

18. At all relevant occurrences of the facts alleged in this Complaint, BRICKS + MORTAR professionally operated a real estate brokerage company.

19. BRICKS + MORTAR and/or STEPHANIE GOODMAN, drafted the purchase agreement for the White Cloud Property. (See Exhibit One).

20. BRICKS + MORTAR owed a duty to Plaintiff to preserve Plaintiff's rights consistent with Plaintiff's best interests as well as its demands.

21. BRICKS + MORTAR negligently failed to exercise its duty in taking the necessary action to extend the due diligence period pursuant to Plaintiff's request to do so.

22. BRICKS + MORTAR's failure to exercise its legally imposed duty amounts to gross negligence because that activity constitutes what is customary for a licensed and professional real estate brokerage company.

23. Plaintiff suffered damages as a proximate result of BRICKS + MORTAR's negligence.

**WHEREFORE**, Plaintiff requests a judgment against defendants, jointly and severally, in the amount in excess of $229,000.00 plus attorney fees and court costs.


Respectfully,


/s/ Andrew R. Sarazin
Andrew R. Sarazin (P76964)
Counsel for Plaintiff

Date: February 15, 2021

# EXHIBIT 1

# REAL ESTATE PURCHASE AGREEMENT

**OFFER.** This Agreement constitutes an offer by Purchaser to purchase the Property. The offer shall remain valid until <u> 6 pm            02/19/2018       </u> and shall be deemed revoked if not accepted by Seller before such time and date.

| SELLER | PURCHASER |
|---|---|
| Name  Mark Achtenberg | Name: Linda Weaver - on behalf of Weaver Investments LLC |
| Email: allensecserve@sbcglobal.net | Email: |
| Phone: 269-763-0102 | Phone: |
| Address: 4885 Sherman Rd<br>            Charlotte, MI 48813 | Address: 5566 Salt River Rd, St Peter's MO<br>            63378 |

**PROPERTY DESCRIPTION.**
Purchaser offers and agrees to purchase the following real property, together with Seller's interest in all easements, appurtenances, land division rights, timber, air, oil, gas and mineral, subsurface, riparian, and all other rights and interests pertaining to such property, and together with all buildings, structures and other physical improvements situated on such property.

**Property Address:**

approx 6.72 acres on E Airway Ave, White Cloud, MI 49349

**Legal Description:**

S 100 FT OF NW1/4 SE1/4, EXC W 300 FT THEREOF, ALSO N 200 FT OF SW1/4 SE1/4 LYG E OF CONSUMERS POWER CO ROW & N OF PMRR ROW, SEC 32, T14N - T12W CITY OF WHITE CLOUD

**Parcel ID(s):**

62-11-32-400-040

**Image -** See Exhibit A

1

PDFfiller Document ID: 744A-09C3-DA80-0001

**PURCHASE PRICE.** The purchase price ("Purchase Price") for the Property shall be
<u>Twenty One Thousand Dollars                                              </u> ( <u>$21,000.00             </u> ).

**PAYMENT OF PURCHASE PRICE.**

<u> X  </u>  **CASH**. Buyer will pay the sale price in cash or certified check, cashier's check, or money order upon delivery by Seller of a Warranty Deed conveying marketable title.

<u>    </u>  **SELLER FINANCING.** See attached seller financing addendum.

<u>    </u>  **CONVENTIONAL FINANCING.** Bank, credit union, private lender, or other.

**EARNEST MONEY DEPOSIT.** Within five (5) calendar days following the acceptance of this offer, Purchaser shall deposit with Bricks + Mortar Group (the "Escrow Agent"), Purchaser's earnest money deposit in the amount of <u>$500.00                                         </u> Dollars (the "Deposit"). The Deposit shall be refunded to Purchaser in the event this Agreement is properly terminated by Purchaser under the terms and conditions provided for herein; retained by Seller in the event of default by the Purchaser; or applied to the Purchase Price at Closing.

**DUE DILIGENCE CONTINGENCY.** Purchaser shall have <u> 60     </u> days after the acceptance of this offer ("Inspection Period") to inspect and obtain the following items (place an "X" next to all that apply):

<u>X</u> Purchaser's satisfaction with the results of an environmental site assessment.
<u>X</u> Purchaser's satisfaction with the results of soil tests and borings if desired.
<u>X</u> Purchaser receiving preliminary site plan approval.
<u>X</u> Purchaser receiving municipal approval for Purchaser's desired use.
<u>X</u> Any other due diligence desired by Purchaser.

All due diligence shall be performed by Purchaser at Purchaser's sole expense. Prior to expiration of the Inspection Period, if Purchaser notifies Seller that, in Purchaser's sole discretion, the Property is unsuitable for Purchaser's intended purposes, then Seller and the Escrow Agent shall return the Deposit to Purchaser , and neither party shall have any further rights or obligations under this Agreement.

Seller shall cooperate with Purchaser in providing reasonable access to the Property for Purchaser to perform its due diligence, and in obtaining all approvals desired or required from any federal, state or local government ("Governmental Approvals").

Purchaser shall have the option to extend the due diligence period for an addtional 60 days with the deposit of an additional $500 in earnest money.

2

PDFfiller Document ID: 744A-09C3-DA80-0001

Within 5 business days after execution of this Agreement, Seller will provide Purchaser with copies of all title policies, surveys, leases, environmental reports, studies, site plans, certificates of occupancy and other documentation in the possession or control of Seller.

**CLOSING.** Closing shall take place within  60     days following the last day of the contingency period but in any event, no later than  08/16/2018                        .

**TITLE INSURANCE.**

    **(a) Title Insurance**: ALTA Owner's Policy of Title Insurance without Standard Exceptions (the "Title Commitment") to be furnished hereunder if available, to be paid for by Seller. Purchaser in its sole and absolute discretion shall determine whether all matters of title and survey are satisfactory.

    Should any financial liens be recorded against the Property, Seller shall pay and/or satisfy any such encumbrance prior to Closing. Seller shall pay the base owner's title insurance policy premium, all state or county real estate transfer taxes, all outstanding water and sewer bills, and any other outstanding obligations which, if unpaid, may become a lien against the Property. The parties shall share equally all Title Company or Closing Attorney fees and expenses. Each party shall pay their own attorney fees. At Closing, the Title Company or Closing Attorney may establish a water escrow, pending receipt of a final paid water bill for water and sewer charges incurred through Closing. Seller shall deliver to Purchaser a Warranty Deed conveying good and marketable fee simple title to the Property.

    **(b) Objections to Title and Survey.** If Purchaser objects to any matters of title or survey and Purchaser so notifies Seller in writing of such objection(s) ("Objection Notice") before expiration of the Inspection Period, then Seller shall have 30 days from the date Seller receives the Objection Notice to either: (i) remedy the title and survey defects described or (ii) notify Purchaser and Escrow Agent that Seller is unable or unwilling to remedy the defects, in which event Purchaser shall, at its option, either terminate this Agreement and receive a full refund of the Deposit, or waive Purchaser's title and survey objections, and proceed to Closing.

**REAL ESTATE TAXES.**

    Current real estate taxes shall be prorated as of the date of the Closing on a "due date" basis as if paid in advance, with Seller receiving a credit for any prepaid taxes. All assessments, including, but not limited to any special assessments which have become a lien upon the land shall be paid in full by Seller.

**ENVIRONMENTAL.**

    **(a) Environmental.** To the best of Seller's knowledge, there are no areas of the Property where hazardous substances or hazardous wastes, as such terms are defined by

PDFfiller Document ID: 744A-09C3-DA80-0001

applicable Federal, State and local statutes and regulations, are present in quantities in violation of applicable law. No claim has been made against Seller with regard to hazardous substances or wastes with respect to the Property.

**(b) Due Diligence**. Purchaser shall have the right at Purchaser's expense to conduct a Phase I environmental site assessment during the Inspection Period. If any Phase II subsurface investigation is required or recommended, Purchaser and Seller shall attempt to agree upon the nature and extent of any Phase II activities and which party shall bear the cost. If Purchaser and Seller are unable to agree within 10 days, then either party may, upon notice to the other, terminate the Agreement, in which event the Deposit shall be refunded to Purchaser.

**WARRANTIES, REPRESENTATIONS AND COVENANTS.** Seller warrants represents and covenants to Purchaser, as follows:

**(a) Authority**. Seller has the authority and power to enter into this Agreement and to consummate the transactions contemplated herein.

**(b) Title.** Seller owns the Property in fee simple and has marketable and good title to the Property. Seller will not further encumber title to the Property before Closing without Purchaser's prior written consent, which consent shall not be unreasonably withheld.

**(c) Conflicts**. The execution and entry into this Agreement by Seller will not violate any contract, agreement or other instrument to which Seller is a party, or any judicial order or judgment of any nature by which Seller or the Property is bound.

**(d) Litigation**. There is no action, suit or proceeding pending or, to the best of Seller's knowledge, threatened by or against or affecting Seller or the Property which does or will involve or affect the Property or title thereto. Seller will, promptly upon receiving any such notice or learning of any such contemplated or threatened action, give Purchaser written notice thereof.

**(e) No Violations.** To the best of Seller's knowledge, Seller has not received notice of any existing violations of state or federal laws, municipal, or county ordinances, or other legal requirements with respect to the Property. In the event Seller receives notice of any such violation affecting the Property prior to the Closing, Seller shall promptly notify Purchaser thereof.

**DAMAGE TO PROPERTY.** If any part of the Property is damaged prior to closing, Seller

PDFfiller Document ID: 744A-09C3-DA80-0001

shall immediately notify Purchaser of such occurrence, and Purchaser may terminate this Agreement with written notice to Seller and receive a refund of the Deposit without further liability.

**SECTION 1031 TAX-DEFERRED EXCHANGES.** Upon either party's request, the other party shall cooperate and reasonably assist the requesting party in structuring the purchase and sale contemplated by this Agreement as part of a tax deferred, like-kind exchange under Section 1031 of the Internal Revenue Code of 1986, as amended; provided, however, that in connection therewith, the non-requesting party shall not be required to incur any additional costs or expenses.

**NOTICES.** Notice shall be sufficient if in writing and either delivered personally or sent via Federal Express, UPS or a similar nationally recognized overnight delivery service, or by certified mail, return receipt requested, addressed to the parties at their addresses specified above or by email.

**ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties with respect to the sale of the Property and may be amended only in writing.

**MICHIGAN LAW.** This Agreement shall be governed by the laws of the State of Michigan.

**EFFECTIVE DATE.** For purposes of this Agreement, the phrase "Effective Date" shall be the last date upon which this Agreement becomes fully executed.

**BROKER.** Purchaser's real estate agent is Stephanie Goodman         (Bricks + Mortar Group) acting as an agent of the Purchaser.

Seller's real estate agent is None

N/A
Seller agrees to pay the real estate broker(s) involved in this transaction a brokerage fee of   3   % of the sales price, with   3%   paid to Bricks + Mortar Group at Closing and 0 paid to N/A

The parties acknowledge that other than the parties' real estate agents disclosed herein, no other real estate brokers, salespersons, or agents are involved in this transaction and the parties hereby indemnify and hold each other harmless from any and all such claims for brokerage fees.

**BROKER ENVIRONMENTAL DISCLAIMER.** The Purchaser and Seller agree that each broker and real estate agent has fully disclosed any knowledge that such broker and/or real estate agent has concerning possible toxic or hazardous material or substances or other adverse environmental conditions on or about the Property and the Purchaser acknowledges that Purchaser shall be given the opportunity to make a competent environmental inspection, and

5

PDFfiller Document ID: 744A-09C3-DA80-0001

the Purchaser and Seller each do hereby release each broker and real estate agent from any liability. The Purchaser and Seller each hereby expressly waive any claim whatsoever against each broker and real estate agent before or after the closing of this transaction.

**DEFAULT.**
**(a) Seller's Default**. In the event of Seller's default or failure to perform hereunder, Purchaser shall as its sole remedy, elect to either: (i) specifically enforce the terms hereof; or (ii) demand and be entitled to an immediate refund of the Deposit, in which case this Agreement shall terminate in full.
**(b) Purchaser's Default**. If the sale and purchase of the Property contemplated by this Agreement is not consummated on account of Purchaser's default, Seller shall as its sole and exclusive remedy retain the Deposit amount as full and complete liquidated damages for such default of Purchaser.

**WAIVER.** The failure to enforce any particular provision of this Agreement on any particular occasion shall not be deemed a waiver by either party of any of its rights hereunder.

**SEVERABILITY**. In the event any provision or portion of this Agreement is held by any court of competent jurisdiction to be invalid or unenforceable, such holding will not affect the remainder hereof, and the remaining provisions shall continue in full force and effect.

**SUCCESSORS AND ASSIGNS.** The designation Seller and Purchaser as used herein shall include said parties, their heirs, successors, and assigns. Purchaser may assign its interest in this Agreement.

**ADVICE OF COUNSEL**. All parties are encouraged to seek the advice of independent legal counsel before executing this Agreement and acknowledge that no broker and/or real estate agent is acting as an attorney or providing legal advice and no broker and/or real estate agent shall be responsible for any loss or damage resulting from the preparation of this Agreement or any addenda thereto.

**Purchaser's Acknowledgement of Offer:**
By signing below, Purchaser acknowledges having read and received a copy of this Purchase Agreement.

**For Purchaser:**

By: Linda Weaver - on behalf of Weaver Investments LLC

X *Linda Weaver*  Date: 02/16/2018
_____  _____

PDFfiller Document ID: 744A-09C3-DA80-0001

**Seller's Acceptance:**
Seller accepts this Agreement on this date 02/19/2018 at  4:30  (AM/**PM**) with the following conditions:
· N/A

By signing below, Seller acknowledges having read and received a copy of this Agreement. If additional conditions are stipulated herein, Seller gives Purchaser until DATE _____ at 11:00 (AM/**PM**) to provide its written acceptance of the counter conditions stated herein. 02/19/2018

For Seller:

By:  mark j achtenberg

X  *mark j achtenberg*                                         Date:  02/19/2018

**Purchaser's Acknowledgment of Seller's Acceptance:**

Purchaser acknowledges receipt of Seller's acceptance of Purchaser's offer. If the acceptance was subject to changes from Purchaser's offer, Purchaser agrees to accept those changes, with all other terms and conditions remaining unchanged.

Seller has accepted this Agreement on DATE: 02/19/2018 , at 4:30 (AM/**PM**)

**For Purchaser:**

By: Linda Weaver - on behalf of Weaver Investments LLC

_____   Date: _____

7

PDFfiller Document ID: 744A-09C3-DA80-0001

**Appendix A**



8

PDFfiller Document ID: 744A-09C3-DA80-0001

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>6th  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>-CB |

**Court address**  
1200 N. Telegraph Rd., Pontiac, MI 48340

**Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s).<br>WEAVER INVESTMENTS, LLC | v | Defendant's name(s), address(es), and te...<br>BRICKS + MORTAR GROUP LL...<br>A Michigan Corporation, and<br><br>STEPHANIE GOODMAN<br>Defendant. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Andrew R. Sarazin (P76964)<br>The Cannabis Legal Group<br>520 N. Main St.,<br>Royal Oak, MI 48067<br>248-541-2600 | | |

**Instructions:** Check the items below that apply to you and provide any required information. ... to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be com... ...urt clerk.

**Domestic Relations Case**
- ☐ There are no pending or resolved cases within the jurisdiction ... division of the circuit court involving the family or family members of the person(s) who are the subject of the c...
- ☐ There is one or more pending or resolved cases within the ... of the family division of the circuit court involving the family or family members of the person(s) who are t... the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those...
- ☐ It is unknown if there are pending or resolved cases ... ...risdiction of the family division of the circuit court involving the family or family members of the person(s) wh... ...ject of the complaint.

**Civil Case**
- ☑ This is a business case in which all or part... includes a business or commercial dispute under MCL 600.8035.
- ☐ MDHHS and a contracted health plan m... ...ght to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDH... ...pplicable) the contracted health plan in accordance with MCL 400.106(4).
- ☐ There is no other pending or resolv... ...n arising out of the same transaction or occurrence as alleged in the complaint.
- ☑ A civil action between these pa... ...parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☑... ☐ _____ Court, where it was given case num... ...147-CB_____ and assigned to Judge Michael Warren _____.

The action ☐ rema... ...no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | Important: This summons is not issued. Resubmit as a separate document. | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (9/19)   **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105